{¶ 23} I respectfully dissent.
 {¶ 24} Although the State failed to oppose Rockburn's motion to dismiss in the trial court and has failed to oppose this appeal by way of brief or argument, I would nevertheless affirm the trial court's decision.
 {¶ 25} Rockburn admits that his D.U.I. in Valley View in 1995 resulted in a $500 fine and credit for one day served in jail. He also recognizes that the U.S. Supreme Court has determined that where an uncounseled conviction results in some form of incarceration, the prior conviction may not be used to enhance penalties imposed for a subsequent conviction. Nichols v. United States (1994), 511 U.S. 738,128 L.Ed.2d 745, 114 S.Ct. 1921.
 {¶ 26} Rockburn was arrested for D.U.I. in 1995 and spent one day in jail, in pretrial confinement, prior to entering a plea in the Valley View mayor's court. His conviction did not result in "some form of incarceration" and therefore this 1995 conviction could be used to enhance the penalty for his fourth D.U.I.[1]
 {¶ 27} Moreover, the only evidence he submitted in support of his claim that his 1995 plea was uncounseled was a self-serving affidavit with legal conclusions that he did not "knowingly, voluntarily and intelligently waive" his right to counsel. I do not find this bare assertion constitutes sufficient evidence to make a prima facie showing that his plea was uncounseled six years earlier. Rockburn made no statement concerning his attempt to search the Valley View court records or his efforts at Cleveland Municipal Court to be considered a "first offender" in 1999 and a second-time offender in 2000. Although it is quite possible no records still exist six years later in a mayor's court, the Cleveland court records would be readily available in the same building — the Justice Center — where his plea was entered in the instant case. Thus, I find that he failed to meet his burden and I would affirm the court's denial of his motion to dismiss.
[1] His 1995 conviction did not result in the minimum three-day incarceration.